## CIRCUIT COURT OF THE CITY OF RICHMOND

Circuit City Stores, Inc.

v.

Commonwealth of Virginia,
Dept. of Taxation

July 29, 2004

Case No. LR-1204-3

BY JUDGE T. J. MARKOW

This case is before the court upon the application of Circuit City Stores, Inc., pursuant to Virginia Code § 58.1-1825 (Michie 2000). The specific issue before the court is whether a written notice of assessment was issued to Circuit City by the Department of Taxation in accordance with Virginia Code § 58.1-1820(2).

It has been alleged that Circuit City was advised that it was to be audited by the Department for sales and use tax by letter dated October 2, 1997. The period to be audited was to begin with September 1994 and end with August 1997, and the audit was to begin on March 16, 1998. Circuit City received a Report of Field Audit (Form ST-48), which prompted discussions with the Department. On November 7, 2000, Circuit City received an adjusted Report of Field Audit proposing additional tax of $494,324.24, penalty of $44,145.01, and interest of $282,708.63.

After the audit, Circuit City applied to the Department for a correction of the audit findings as relates to the method by which payments were applied to delinquent consumer credit accounts as eligible for Bad Debt Credit under Virginia Code § 58.1-621. The Department issued an initial opinion labeled Public Document 02-85 on May 29, 2002. On April 3, 2002, Circuit City applied for reconsideration and the Department issued a second opinion on May 14, 2003, reiterating its initial opinion.

Circuit City has applied to this court pursuant to Virginia Code § 58.1-1825(A), as a person aggrieved by an assessment by the Department. Among other issues, Circuit City alleges that "the Department erred in failing to assess the sales and use tax against Circuit City for the Audit Period prior to the expiration of the statute of limitations." By Consent Order dated April 12, 2004, this particular issue was severed and the sole issue before the court is whether the Department properly delivered to Circuit City a written notice of assessment as required by Virginia Code § 58.1-1820(2).

Virginia Code § 58.1-634 requires that the Department assess a deficiency in sales and use taxes within three years of the date the taxpayer filed its return. Circuit City filed its final return of the period in issue on or before September 20, 1997; therefore, the Department would be required to assess any deficiency in this and prior returns by September 20, 2000. Circuit City has argued that it never received a written notice of assessment as required by Virginia Code § 58.1-1820(2).

Virginia Code § 58.1-1820(2) defines how an assessment is to be made. "Assessments made by the Department of Taxation shall be deemed to be made when a *written notice of assessment* is delivered to the taxpayer by an employee of the Department of Taxation, or mailed to the taxpayer at his last known address." *Id.* (emphasis added). The issue in the case at bar is whether this "written notice of assessment" was ever delivered.

The court finds that the burden of proving that the written notice of assessment was delivered rests upon the Department, that party which last had control over the document in question. It would be impossible for a taxpayer to prove that a document was never delivered. Therefore, the Department must show this court, at the least, that it delivered, by some means, the notice. The Department has failed to meet this burden.

The Department's regulations provide that "the written notice of assessment made by the Department is made on a form clearly labeled 'Notice of Assessment' which sets forth the date of the assessment, amount of assessment, the tax type, taxable period, and taxpayer." 23 VAC 10-20-160(E)(3). The regulation further provides that payment reports or additional statements following a notice or correspondence proposing adjustments preceding a notice do not constitute a "written notice of assessment" as required by Virginia Code § 58.1-1820(2).

The Department has provided no proof to the court that the Notice of Assessment was ever delivered to Circuit City or even to the post office for mailing. The testimony offered by the Department established only what happens in the normal scenario, but failed to show what *actually* happened in this particular instance. In fact, because this was a large assessment, it would not have been handled in the usual way.

The Department relies upon an argument that, because Circuit City was able to appeal the assessment and refers to two different assessments in a letter notifying the Department of Circuit City's intent to appeal dated December 15, 2000, Circuit City must have received the Notice of Assessment. This letter, however, does not specifically show that the Department delivered the particular document entitled "Notice of Assessment," merely that Circuit City was made aware that an assessment had been made. From the evidence, the court believes all of Circuit City's dealings with the Department were begun with and dependent upon the Audit Field Notes.

The Department also relies upon a computer entry with an assessment date of April 30, 1999, in an attempt to prove that the notice was delivered. This computer entry, however, is not relevant to the issue of whether the specific "Notice of Assessment" form was physically delivered to Circuit City. The Department's testimony was that, once the assessment was posted, the notice was prepared, sent to the Division of Motor Vehicles for printing, and then mailed, except that large assessments such as here were pulled at DMV and handled in a certain way before mailing.

The Department has admitted in its Responses to Requests for Admission 11, 12, and 20 that it does not have a copy of the Notice of Assessment, cannot produce any physical record that the Notice of Assessment was printed, pre-sorted, reviewed, inserted into envelopes, postage applied, or deposited into the custody of the United States Postal Service and cannot produce a receipt issued by, or bearing a postmark of, the United States Postal Service. Based upon these admissions and the lack of evidence produced at trial, the court finds that the Department did not issue a written notice of assessment to Circuit City as prescribed by Virginia Code § 58.1-1820(2) within the three-year limitation provided for in Virginia Code § 58.1-643.

For the reasons stated above, it is hereby ordered that judgment is entered in favor of the Petitioner Circuit City Stores, Inc., that the statute of limitations expired on September 20, 2000, on the assessments of sales and use taxes claimed by the Department.