# CIRCUIT COURT OF THE CITY OF RICHMOND

GFT, Inc.

v.

Virginia Department of Taxation

April 16, 2007

Case No. CL06-7245-00

BY JUDGE MELVIN R. HUGHES

GFT alleges that it is aggrieved by two tax assessments made by Defendant, Commonwealth Department of Taxation, and makes application to the Court, pursuant to Va. Code § 58.1-1825(A), to abate or otherwise correct the allegedly erroneous and improper assessments. GFT has moved for summary judgment on the ground that the Department has the burden of proving that it failed to withhold the tax in question, before any assessment can be made.

The assessment(s) arose out of GFT's purchase of certain assets belonging to the Great Falls Tavern, L.L.C. ("the Tavern") on September 15, 2003, at a public foreclosure sale. Jeffrey Lubore, the debtor in possession of many of the assets of the Tavern, sold the assets after the Tavern defaulted on its obligations to Lubore. GFT subsequently purchased the additional remaining assets of the Tavern for $100,000.00. It is the later purchase of assets by GFT that are the subject of this lawsuit.

The tax assessments in question were made on November 24, 2004, and June 3, 2005, assessing Plaintiff $100,000.00 in tax liability, which included tax, penalties, and interest, as a successor to the business of the Tavern, pursuant to Va. Code § 58.1-629. It is the Court's understanding that a second assessment was a duplicate and does not create a second, separate assessment totally an additional $100,000.00. Plaintiff made a timely appeal which was rejected by Commonwealth Department of Taxation on October 11, 2006.

Plaintiff argues that, because the Department of Taxation failed to prove that Plaintiff failed to withhold a portion of the purchase price in accordance with Va. Code § 58.1-629, that the assessment is erroneous and requests that the Court abate or otherwise correct the Assessment erroneously imposed by Defendant.

Va. Code § 58.1-629 provides that:

> If any dealer liable for any tax, penalty, or interest levied hereunder sells out his business or stock of goods or quits the business, he shall make a final return and payment within fifteen days after the date of selling or quitting the business. His successors or assigns, if any, shall withhold sufficient of the purchase money to cover the amount of such taxes, penalties, and interest due and unpaid until such former owner produces a receipt from the Tax Commissioner showing that they have been paid or a certificate stating that no taxes, penalties, or interest is due. If the purchaser of a business or stock of goods fails to withhold the purchase money as above provided, he shall be personally liable for the payment of the taxes, penalties, and interest due and unpaid on account of the operation of the business by any former owner. Nothing herein shall be deemed to qualify or limit the exemption as to such a sale as is covered by subdivision 2 of § 58.1-609.10.

This statute coupled with Va. Admin. Code § 10-210-3090, which interprets the statute, clearly requires any dealer that sells his or her business or stock of goods or who quits the business to file a final return and pay any outstanding liabilities to the Department. As explained by the Tax Commissioner on Plaintiff's appeal, the successor business may request a receipt or certificate from the Department that shows if the seller of a business has any outstanding tax liabilities, or the successor business must withhold from the purchase money any unpaid tax liability. If this does not occur, the successor business becomes liable for any tax liabilities left unpaid by the former business owner.

Essentially Plaintiff's argument is not that it withheld sufficient purchase money in compliance with Va. Code § 58.1-629, but that the Department has the burden of showing that Plaintiff failed to withhold part of the purchase price it paid in acquiring the assets.

The court believes this to be an erroneous interpretation of the law. By its plain language, Va. Code § 58.1-629 imposes a withholding requirement upon the taxpayer until the previous owner provides a receipt from the Tax Commissioner demonstrating that the taxes have been paid or are no longer

due. Furthermore, Va. Code § 58.1-205 states that assessments by the Department of Taxation are prima facie correct. What is more, Va. Code § 58.1-1825(D) specifically places the burden of proof on the taxpayer who wishes to challenge an assessment.

"A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." *Loudoun County Dep't of Soc. Servs. v. Etzold*, 245 Va. 80, 425 S.E.2d 800, 802 (1993). If the legislature had intended to place the burden of proof on the Department, it could have included language to that effect. Moreover, in construing statutes, "courts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment." *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989). "In determining the meaning of a statute, [courts] look not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy." *Crandon v. United States*, 494 U.S. 152, 158, 110 S. Ct. 997, 108 L. Ed. 2d 132 (1990).

*Circuit City Stores, Inc. v. Commonwealth of Virginia, Department of Taxation*, 65 Va. Cir. 260 (2004), supports the conclusion that the burden is on the taxpayer challenging the assessment. This court held that "the burden of proving that the written notice of assessment was delivered rests upon the Department, [as the] party which last had control over the document[s] in question." *Id.* at 262. Clearly, in this analogous case, the Plaintiff would be the party with control of the necessary documents to prove whether a withholding of the purchase price was made as required by Va. Code § 58.1-629.

For the foregoing reasons, Plaintiff should be assigned the burden of production under Va. Code § 58.1-629. Plaintiff's Motion for Summary Judgment is denied.